32 F.3d 561
 74 A.F.T.R.2d 94-5859
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James P. HOBBS, Plaintiff, Appellant,
v.
COMMISSIONER, Internal Revenue Service, et al., Defendants, Appellees.
 No. 94-1107
 United States Court of Appeals,
First Circuit.
 August 1, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge ]
 James P. Hobbs on brief pro se.
 Donald K. Stern, United States Attorney, Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Charles E. Brookhart and Jordon L. Glickstein, Attorneys Tax Division, Department of Justice on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya, and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant taxpayer James P. Hobbs appeals the dismissal by the United States District Court for the District of Massachusetts of his complaint against the Internal Revenue Service for damages and/or injunctive relief. We affirm the dismissal essentially for the reasons given by the district court in its memorandum and order dated November 30, 1993. We add only the following comments.
 
 
 2
 Hobbs' claims are predicated on his allegation that the determination that he owed tax deficiencies for the tax years 1985 and 1986 was improper. However, the United States Tax Court has already dismissed Hobbs' challenge to those deficiencies and this court has dismissed Hobbs' appeal of that decision for failure to prosecute. Hobbs, therefore, can no longer challenge the merit of that determination.[1] See Commissioner v. Sunnen, 333 U.S. 591, 598 (1948) (general rules of res judicata apply to tax proceedings involving the same claim and the same tax year).
 
 
 3
 Hobbs' contention that the district court erred in determining that the deficiencies had been properly assessed is also without merit. According to Hobbs, the assessment was void because the government failed to provide him with an adequate and timely notice of deficiency.
 
 
 4
 An assessment is made "by recording the liability of the taxpayer in the office of the Secretary." 26 U.S.C. Sec. 6203. This is accomplished by having an assessment officer fill out and sign a "summary record of assessment," also known as a Form 23C. Geiselman v. United States, 961 F.2d 1, 5 (1st Cir.), cert. denied, 113 S.Ct. 261 (1992). In this case, the government did not provide the district court with a Form 23C but with a Certificate of Assessment and Payments (Form 4340) which listed the Form 23C date.
 
 
 5
 A Certificate of Assessment and Payments is both "presumptive proof of a valid assessment," id. at 6 (quoting United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989)), and "presumptive proof that the IRS gave notice of the assessments and made demands of payment from [Hobbs]," id. Hobbs bears the burden of producing evidence to counter these presumptions. See, e.g., United States v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992) (citing cases).
 
 
 6
 Hobbs contends that the Certificate of Assessment and Payments is invalid because it is dated May 4, 1993, well beyond the date the limitation period expired.[2] For an assessment to be valid, it must be made, in accordance with all rules and regulations of the Department of the Treasury, before the expiration of the limitation period. See, e.g., Brafman v. United States, 384 F.2d 863, 865 (5th Cir. 1967).
 
 
 7
 Hobbs' contention is meritless. Treasury regulations provide that "[t]he date of the assessment is the date the summary record is signed." 26 C.F.R. Sec. 301.6203-1 (emphasis added). As indicated above, the Certificate of Assessment and Payments on which Hobbs relies is not the "summary record" referred to in the regulation. Rather, the certificate is a supporting document identifying the taxpayer and explaining the character of the assessment. Stallard v. United States, 12 F.3d 489, 493 (5th Cir. 1994). Not only is there no requirement that the certificate be prepared within the statute of limitation period, id., but the Certificate of Assessment and Payments indicates that the Form 23C was in fact dated within the limitation period.[3]
 
 
 8
 Since Hobbs made no showing to the contrary, the district court did not err in relying on the Certificate of Assessment and Payments as proof that Hobbs had been properly assessed and had been given proper notice and demand. See Geiselman, 961 F.2d at 6.
 
 
 9
 Affirmed.
 
 
 
 [1]
 We give no credit to Hobbs' wholly conclusory allegations, unsupported by any facts, that these rulings were obtained by the use of fraudulent filings in the Tax Court. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) (even though complaint is to be construed liberally, it cannot rest wholly on conclusory allegations)
 
 
 [2]
 The assessment must be made within three years of the filing of the return which gives rise to the liability that is the subject of the assessment. 26 U.S.C. Sec. 6501(a)
 
 
 [3]
 The Form 4030 listed the Form 23C date as June 1, 1987. Absent evidence to the contrary, this is sufficient evidence that the Form 23C was duly signed on that date. See United States v. Dixon, 672 F.Supp. 503. 505-06 (M.D. Ala. 1987), aff'd, 849 F.2d 1478 (11th Cir. 1988)