139 F.3d 907
 81 A.F.T.R.2d 98-1035, 98-1 USTC P 50,239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles PARKER; Carol Parker, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-55103.
D.C. No. CV-96-00984-MLH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998**.
 
 Appeal from the United States District Court for the Southern District of California Marilyn L. Huff, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The Internal Revenue Service ("IRS") imposed several responsible party assessments against Charles and Carol Parker as a penalty for failure to remit federal withholding taxes. See 26 U .S.C. § 6672 (Supp.1997). The IRS eventually seized and sold the Parkers' home to partially satisfy their tax debt. See 26 U.S.C. § 6334(e) (Supp.1997). Pending the sale of their home, the Parkers filed a quiet title action in district court challenging the procedural validity of the responsible party assessments. See 28 U.S.C. § 2410 (1994). The Parkers now appeal from the district court's grant of defendant's motion for summary judgment. We affirm.
 
 II.
 
 3
 The facts are known to the parties. We will repeat them here only as necessary.
 
 III.
 
 4
 The IRS produced certified copies of the Certificate of Assessments and Payments (Form 4340) for each of the five responsible party assessments imposed on the Parkers. These forms are presumptive proof that the IRS made the assessments and timely notified the Parkers. See Hansen v. United States, 7 F.2d 137, 138 (9th Cir.1993); Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992). The Parkers presented no contrary evidence, except for their own declarations. Accordingly, the district court correctly concluded that the Parkers' claim of insufficient notice of assessment could not withstand summary judgment.[1]
 
 
 5
 Nevertheless, the Parkers argue that they received several IRS documents--such as a notice of seizure and a minimum bid worksheet--that refer to the assessments as a lump sum, rather than identifying individual assessments for each of the applicable tax periods. The Parkers infer from these documents that the IRS imposed a single assessment for multiple tax periods, a practice which they mistakenly contend is improper.
 
 
 6
 A responsible party assessment is not a tax liability imposed for a particular tax period, but is instead an aggregate sum penalty equal to the total amount of unpaid withholding taxes. See 26 U.S.C. § 6672. The IRS may make an aggregate assessment of § 6672 penalties as long as it identifies the particular tax periods for which the taxpayer is liable. See Purcell v. United States, 1 F.3d 932, 940-41 (9th Cir.1993); accord Taylor v. IRS, 69 F.3d 411, 418-19 (10th Cir.1995); Stallard v. United States, 12 F.3d 489, 495 (5th Cir.1994). Here, the Parkers received several IRS documents which identified the applicable tax periods, such as the original notices of assessment (as evidenced in the Certificates of Assessments and Payments), the notices of intention to levy, and the notice of levy. Accordingly, we find no procedural irregularity.
 
 IV.
 
 7
 The Parkers argue that the district court abused its discretion by granting defendant's motion for summary judgment before they had completed discovery. A district court may order a continuance on a motion for summary judgment to permit discovery. Fed.R.Civ.P. 56(f). Here, the Parkers did not file a Rule 56(f) motion. Nevertheless, the district court initially denied the defendant's motion for summary judgment to allow the Parkers additional time for discovery.
 
 
 8
 The Parkers' subsequent discovery requests were not productive. They largely sought information that the IRS had already disclosed. Other requested information could only be relevant to the merits of the underlying assessments, and not to the procedural validity of those assessments. The Parkers, however, could not use a quiet title action to collaterally attack the merits of the assessments; rather, they could only use § 2410 to contest the assessments' procedural validity. See Hughes, 953 F.2d at 535. Under these circumstances, we affirm the district court's conclusion that additional time for discovery would not have enabled the Parkers to raise a genuine issue of material fact.[2] See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 V.
 
 9
 The Parkers filed a tax refund claim with the IRS. Shortly thereafter, they sought to amend their complaint in district court by adding a tax refund claim pursuant to 26 U.S.C. § 7422. However, 26 U.S.C. § 6532(a) prohibited the Parkers from filing suit under § 7422 until six months after the filing of their claim with the IRS. The Parkers failed to comply with this jurisdictional prerequisite. See Boyd v. United States, 762 F.2d 1369, 1371-72 (9th Cir.1985). We therefore affirm the district court's decision to deny the Parkers' motion to amend.[3]
 
 VI.
 The decision of the district court is
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review de novo the district court's grant of summary judgment. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997)
 
 
 [2]
 We review for an abuse of discretion the district court's decision not to permit additional discovery. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir.1997)
 
 
 [3]
 We review for an abuse of discretion the district court's denial of the Parkers, request to amend their complaint. See Keams v. Tempe Technical Inst., Inc., 110 F.3d 44, 46 (9th Cir.1997)