Donald P. TAYLOR, Plaintiff–Appellant

v.

INTERNAL REVENUE SERVICE, Defendant–Appellee.

No. 94–5162.

United States Court of Appeals, Tenth Circuit.

Oct. 24, 1995.

E. John Eagleton, Eagleton, Eagleton & Harrison, Inc., Tulsa Oklahoma, for Plaintiff–Appellant.

Teresa E. McLaughlin, Attorney, Tax Division, Department of Justice, Washington, D.C. (Annette M. Wietecha, Attorney, Tax Division, Department of Justice, Washington, D.C., Stephen Charles Lewis, U.S. Attorney, Tulsa, Oklahoma, with her on the brief), for Defendant–Appellee.

Before BALDOCK, BRORBY, and LUCERO, Circuit Judges.

BALDOCK, Circuit Judge.

The Internal Revenue Code requires employers to withhold federal social security and income taxes from the wages of their employees and pay them over to the government. 26 U.S.C. §§ 3102(a), 3402(a), 3403. When an officer or employee of a corporation fails to remit withheld taxes to the government, he may be subject, *inter alia*, to the penalty provisions of 26 U.S.C. § 6672. Specifically, the penalty under § 6672 can be assessed against any officer or employee of a corporation who: (1) is under a duty to "collect, truthfully account for, and pay over any tax imposed by this title"—*i.e.*, a "responsible person"; and (2) "willfully fails" to do so.

26 U.S.C. § 6672(a).[1] Plaintiff Donald P. Taylor, an officer of Delta Cattle Corporation ("Delta"), appeals from a district court order holding him liable to Defendant Internal Revenue Service ("IRS") for tax penalties under 26 U.S.C. § 6672. We have jurisdiction under 28 U.S.C. § 158(d).

## I.

The record reveals the following. Plaintiff and his brother Oscar Taylor incorporated Delta in Oklahoma in 1981. Delta had a business office in Tulsa, Oklahoma and ranches in eastern Oklahoma. Delta's business was breeding, raising, and marketing cattle for investors throughout the United States.

Oscar Taylor was the president of Delta and managed its business operations. Oscar owned all of Delta's stock. He made all the corporation's business decisions, determined what checks were to be written and which creditors to pay.

Plaintiff was the vice president of Delta and served on its board of directors, but owned none of Delta's stock. Plaintiff was an authorized signatory on fourteen Delta checking accounts and had authority to borrow funds on Delta's behalf. Plaintiff hired and fired employees. Plaintiff had check-writing authority, instructed clerical help as to which bills to pay, and engaged in fiscal matters, but only at the direction of Oscar. Plaintiff spent very little time in the Tulsa business office, but managed the office in Oscar's absence. Plaintiff's principal responsibility was the "cowboy"—*i.e.*, supervising the breeding, raising, and marketing of the cattle. It was not Plaintiff's duty within the corporate structure to prepare the payroll, ensure that employee taxes were withheld, file quarterly returns and make quarterly deposits. Plaintiff, however, signed one employment tax return for Delta in 1982.

---

1. Section § 6672(a) provides that:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
   *Id.* at § 6672(a). Section § 6671(b) defines "person" for purposes of § 6672 as "an officer or employee of a corporation ... who ... is under a duty to perform the act in respect of which the violation occurs."

In March 1984, Delta filed a petition for relief under Chapter 11 of the Bankruptcy Code. Delta owed $117,162.26 in withholding taxes to the IRS. In February 1985, the IRS sent Plaintiff a Notice of Proposed Assessment of 100% Penalty. The notice identified the specific quarterly tax periods for which there was an unpaid tax liability, the amount of unpaid taxes, and the penalty amounts. The notice specified that because efforts to collect the unpaid taxes from Delta had failed, the IRS intended to assess the $117,162.26 in accumulated penalties against Plaintiff because he was a "responsible person" at Delta pursuant to 26 U.S.C. § 6672.

In March 1985, the IRS assessed the § 6672 penalties against Plaintiff under a Form 4340 Certificate of Assessments and Payments ("Form 4340"). The Form 4340 identified Plaintiff and explained that the IRS had assessed a 100% penalty against him in connection with Delta. The assessing officer signed the Form 4340, which provided the following additional information in pertinent part:

| Explanation of Transaction | Assessment | 23C Date | Period Ending |
|---|---|---|---|
| Penalty Assessment | $117,161.16 | 03–18–85 | 12–31–81–<br>12–31–82<br>06–30–83–<br>03–31–84 |

In March 1986, the IRS filed a notice of federal tax lien against Plaintiff with the Tulsa County Clerk. In December 1986, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code and in June 1987 received a discharge. In August 1987, the IRS refiled its notice of federal tax lien. In September 1990, Plaintiff filed a complaint to determine and discharge tax liability in the bankruptcy court. Plaintiff denied he was liable to the IRS for the $117,166.26 in tax penalties.

The IRS moved for partial summary judgment and asserted Plaintiff was liable for tax penalties under § 6672 because he was a "responsible person" as a matter of law. Plaintiff filed a response and contended that he was not a "responsible person" under § 6672 and did not willfully fail to pay over taxes owed to the government. The bankruptcy court denied the IRS's motion for partial summary judgment.

After a bench trial, the bankruptcy court specifically found that Plaintiff was not a "responsible person" under § 6672. The bankruptcy court explained that a "responsible person" under § 6672 "is the person who within the corporate structure has the job to see that the withheld taxes are paid"—*i.e.,* the person who is "actually responsible within the corporation for the payment of payroll taxes." Applying this standard, the bankruptcy court found that Oscar Taylor, rather than Plaintiff, was the corporate officer at Delta who had the specific responsibility to ensure that the withheld taxes were paid.

The court found that Oscar was the "boss" of Delta, made all the business decisions of the company, dealt with creditors, and determined what checks were to be written and what bills were to be paid. The court found that Plaintiff, in contrast, was Delta's "cowboy," with responsibility for breeding, raising, and marketing cattle. The bankruptcy court noted that Plaintiff had certain "badges of authority" because he was an officer and director of Delta, an authorized signatory on five checking accounts,[2] had authority to borrow funds on behalf of Delta, and hired and fired employees. The court noted, however, that Plaintiff signed checks and engaged in fiscal matters only at Oscar's direction and that Plaintiff was not responsible for ensuring employee taxes were withheld and paid over to the government. As a result, the bankruptcy court concluded that Plaintiff was not a "responsible person" under § 6672. Because the court concluded Plaintiff was not

---

**2.** The record reflects Plaintiff was actually an authorized signatory on fourteen checking ac-

counts. *See infra* note 4.

a "responsible person" under § 6672, it did not reach the question whether Plaintiff willfully failed to pay the withholding taxes.

On appeal, the district court reversed. After reviewing the record as a whole, the district court concluded Plaintiff was a "responsible person" pursuant to § 6672 as a matter of law:

> [Plaintiff] instructed clerical help as to what bills to pay, managed day-to-day operations when his brother was absent, hired employees, served as vice-president and controller, had checkwriting authority, signed at least one employment tax return, and was aware that taxes were not paid at least in 1982. While he may not have had as much authority over corporate decisionmaking as his brother, the record establishes that he possessed a sufficient degree of authority over corporate decisionmaking to make him a "responsible person."

The district court also concluded the record established that Plaintiff's failure to pay the taxes was willful. As a result, the court concluded the IRS had a valid claim for $117,162.26 against Plaintiff.

Plaintiff filed a motion to alter or amend the judgment. In addition to his prior arguments, Plaintiff contended the § 6672 penalty was void because it was improperly assessed as a lump sum instead of on a quarterly basis.[3] The district court denied Plaintiff's motion with regard to the responsible person and willfulness issues. The district court remanded to the bankruptcy court, however, for a determination whether the IRS's lump sum assessment against Plaintiff was valid. On remand, the bankruptcy court upheld the lump sum assessment. The district court affirmed. This appeal followed.

## II.

### A.

■ On appeal, Plaintiff first contends the district court erred by concluding he was a "responsible person" under § 6672. Specifically, Plaintiff maintains the district court erred by overturning the bankruptcy court's

factual finding that he was not a responsible person pursuant to § 6672 because the bankruptcy court's factual findings were not clearly erroneous. We conclude Plaintiff's argument misapprehends the scope of the district court's appellate review of the bankruptcy court's determination that he was not a "responsible person."

■ Our review of the district court's factual and legal determinations is governed by the same standards the district court used to review the bankruptcy court. *See Travelers Ins. Co. v. American AgCredit Corp. (In re Blehm Land & Cattle Co.),* 859 F.2d 137, 138 (10th Cir.1988) ("In reviewing an order of the bankruptcy court, the appellate court applies the same standard as the district court."). The district court reviews the factual determinations of the bankruptcy court under the clearly erroneous standard, *Rowe Int'l, Inc. v. Herd (In re Herd),* 840 F.2d 757, 759 (10th Cir.1988), and reviews the bankruptcy court's construction of § 6672 de novo. *In re Blehm Land & Cattle Co.,* 859 F.2d at 138. We agree with the Second and Eleventh Circuits that the bankruptcy court's ultimate determination whether an individual constitutes a "responsible person" pursuant to § 6672 involves an application of law to fact, which is subject to de novo review by the district court. *Hochstein v. United States,* 900 F.2d 543, 547 (2d Cir.1990); *Thibodeau v. United States,* 828 F.2d 1499, 1503 (11th Cir.1987); *cf. Barnett v. I.R.S.,* 988 F.2d 1449, 1454 (5th Cir.) (court notes that although it has generally treated the determination whether a person is responsible as a question of fact, certain facts demonstrate a person is responsible as a matter of law), *cert. denied,* ―― U.S. ――, 114 S.Ct. 546, 126 L.Ed.2d 448 (1993); *but see Caterino v. United States,* 794 F.2d 1, 3 (1st Cir.1986) (treating district court's determination that Plaintiff was a responsible person as a factual question subject to clearly erroneous review), *cert. denied,* 480 U.S. 905, 107 S.Ct. 1347, 94 L.Ed.2d 518 (1987); *Maggy v. United States,* 560 F.2d 1372, 1375 (9th Cir.1977) (same), *cert. denied,* 439 U.S. 821, 99 S.Ct. 86, 58

---

**3.** The district court concluded Plaintiff had previously raised this argument in a hearing before the bankruptcy court.

L.Ed.2d 112 (1978). *Thibodeau*, 828 F.2d at 1503. In its de novo review, the district court may review the record as a whole to determine whether the facts demonstrate that an individual constitutes a responsible person pursuant to § 6672. *Thibodeau*, 828 F.2d at 1503–05; *see Denbo v. United States*, 988 F.2d 1029, 1032–33 (10th Cir.1993).

██ "[A] corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decision-making of the corporation.'" *Denbo*, 988 F.2d at 1032 (quoting *Kizzier v. United States*, 598 F.2d 1128, 1132 (8th Cir.1979)). In this circuit, we have set forth a non-exclusive list of factors demonstrating "indicia of responsibility." Specifically, we examine whether the person: (1) held corporate office; (2) controlled financial affairs; (3) had authority to disburse corporate funds; (4) owned stock; and (5) had the ability to hire and fire employees. *Id.* If an individual possesses sufficient indicia of responsibility, he is a "responsible person" under § 6672 regardless whether he: (1) has the final say as to which creditors should be paid, *Bowlen v. United States*, 956 F.2d 723, 728 (7th Cir.1992); *Gephart v. United States*, 818 F.2d 469, 475 (6th Cir.1987); or (2) has the specific job within the corporate structure to see that the taxes are paid over to the government, *see Denbo*, 988 F.2d at 1032; *McGlothin v. United States*, 720 F.2d 6, 8 (6th Cir.1983) ("[I]t is not necessary that a [responsible] person be the one who prepared the tax returns, kept the books and records, paid the wages or withheld the taxes."). "The crucial inquiry is whether the person had the 'effective power' to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed." *Barnett*, 988 F.2d at 1454. Liability under § 6672 extends to all responsible corporate officers or employees, not just to the single "most" responsible individual. *Turnbull v. United States*, 929 F.2d 173, 178 (5th Cir.1991); *see Denbo*, 988 F.2d at 1032 ("[T]here may be more than one responsible person."); *accord Keller v. United States*, 46 F.3d 851, 854 (8th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995); *Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir.1994); *Gephart*, 818 F.2d at 476.

Applying these principles to the facts of the instant case and based upon our review of the record, we conclude the district court correctly determined Plaintiff constituted a "responsible person" pursuant to § 6672. Contrary to Plaintiff's contention that the district court overturned factual findings of the bankruptcy court when it determined he was a "responsible person," the district court properly determined de novo the mixed question of law and fact whether Plaintiff constitutes a "responsible person" under § 6672. *Hochstein*, 900 F.2d at 547; *Thibodeau*, 828 F.2d at 1503. In its de novo review, the district court relied on facts found by the bankruptcy court, as well as facts apparent in the record. The district court determined that Plaintiff possessed several indicia of responsibility and had significant authority in the general management and fiscal decision-making at Delta. We agree.

██ The record reflects that Plaintiff: (1) was vice president of Delta and a corporate director; (2) was an authorized signatory on fourteen Delta checking accounts;[4] (3) had

---

4. The bankruptcy court found that Plaintiff was an authorized signatory on five Delta checking accounts. Aplee.Supp.App. at 17. The district court stated that Plaintiff was an authorized signatory on fourteen Delta checking accounts. *Id.* at 30. At oral argument, Plaintiff's counsel cited this discrepancy in arguing that the district court erroneously overturned factual findings of the bankruptcy court. The district court was of course bound by this factual finding of the bankruptcy court unless the district court determined the bankruptcy court's factual finding was clearly erroneous. *In re Herd*, 840 F.2d at 759. Based upon our review of the record, we conclude the district court did not err in overturning the bankruptcy court's finding that Plaintiff was an authorized signatory on five Delta checking accounts. The record clearly reflects that Plaintiff was an authorized signatory on fourteen Delta checking accounts. Aplee.Supp.App. at 95–96. In any event, both courts agree Plaintiff had checkwriting authority. Whether that authority extended to five or fourteen accounts in the instant case is not critical. Rather, the critical point is that Plaintiff had checkwriting authority, which is another indicia of responsibility in the total calculus of whether he constituted a "responsible person" under § 6672.

authority to borrow funds on Delta's behalf; (4) hired and fired employees; (5) instructed clerical help as to which bills to pay and engaged in fiscal matters at Oscar's direction; (6) managed day-to-day operations in the Tulsa business office when Plaintiff was there and Oscar was absent; (7) had checkwriting authority; and (8) signed at least one employment tax return. Applying the *Denbo* factors, Plaintiff: (1) held corporate office; (2) had authority to disburse corporate funds; and (3) had the ability to hire and fire employees. *Denbo*, 988 F.2d at 1032. Although Plaintiff owned none of Delta's stock and engaged in fiscal matters only at the direction of Oscar, Plaintiff nonetheless possessed sufficient control over corporate finances, had authority to borrow funds and write checks and thereby had the "effective power" to pay the taxes. *Barnett*, 988 F.2d at 1454; *see Denbo*, 988 F.2d at 1033 ("[W]hile it is clear that Allred exercised *greater* control over the corporation than Denbo ... [i]t suffices that Denbo had 'significant, as opposed to absolute, control of the corporation's finances.'"). Because Plaintiff had the effective power to pay Delta's taxes based upon his significant corporate authority, Plaintiff constitutes a responsible person at Delta regardless whether he had the final say as to which creditors would be paid, *Bowlen*, 956 F.2d at 728, and regardless whether it was his specific job within the corporate structure to see that the taxes were paid over to the government. *Denbo*, 988 F.2d at 1032; *McGlothin*, 720 F.2d at 8. We therefore conclude the district court did not err in holding Plaintiff was a "responsible person" pursuant to § 6672.

### B.

■ Plaintiff next contends the district court erred by concluding he willfully failed to pay over taxes to the government in the absence of any factual determination on that point from the bankruptcy court. Specifically, Plaintiff argues the district court sitting as a court of appeal should have remanded to the bankruptcy court to make a factual finding on the issue of willfulness. The IRS maintains it is apparent on the face of the record that Plaintiff willfully failed to pay over the taxes to the government and there-

fore the district court's determination was proper.

■ "Willfullness, in the context of section 6672, means a 'voluntary, conscious and intentional decision to prefer other creditors over the Government.'" *Denbo*, 988 F.2d at 1033. "A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement." *Id.* Both this court and the district court are bound by the factual findings of the bankruptcy court unless those findings are clearly erroneous. *In re Herd*, 840 F.2d at 759. Additionally,

> the district court [acting as an appellate court] may not make its own independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination.

*Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987); *accord Rush v. JLJ Inc. (In re JLJ Inc.)*, 988 F.2d 1112, 1116 (11th Cir. 1993); *In re Apex Oil Co.*, 960 F.2d 728, 731 (8th Cir.1992); *Oaks of Woodlake Phase III, Ltd., v. Hall, Bayoutree Assocs., Ltd. (In re Hall, Bayoutree Assocs., Ltd.)*, 939 F.2d 802, 804 (9th Cir.1991); *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 857 (6th Cir.1988).

■ Applying these standards to the instant case, the district court erred by concluding Plaintiff willfully failed to pay over taxes to the government in the absence of fact findings on this issue from the bankruptcy court. *E.g., Wegner*, 821 F.2d at 1320. "In a bankruptcy proceeding, the bankruptcy court is the finder of fact," *In re Caldwell*, 851 F.2d at 857, and the district court functions as an appellate court. The bankruptcy court did not reach the issue of willfulness and therefore made no findings on the issue. As a result, the district court determined this issue without a proper record. We therefore reverse the district court's determination that Plaintiff willfully failed to pay taxes to the government under § 6672. We remand with instructions to the district court to re-

mand to the bankruptcy court to make findings of fact on the issue of willfulness.

### C.

■ Plaintiff also contends the district court erroneously concluded that the penalty assessment made by the IRS was valid. Specifically, Plaintiff argues that the assessment made by the IRS in the instant case was invalid because it was made in an aggregate, lump sum amount representing nine quarters, instead of separate quarterly assessments. Plaintiff maintains that just as the IRS collects employment taxes quarterly, it must assess a § 6672 penalty quarterly instead of in an aggregate lump sum amount.

The IRS responds that there is no requirement in the Internal Revenue Code or regulations that a § 6672 penalty be assessed quarterly instead of in a lump sum amount. Rather, the IRS asserts that a § 6672 penalty is not a tax liability imposed for a particular tax period, but is instead an aggregate sum penalty equal to the total amount of unpaid withholding taxes. *See* 26 U.S.C. § 6672 (a responsible party is "liable to a penalty equal to the *total* amount" of the unpaid withholding taxes) (emphasis added). We review de novo the district court's determination that the IRS's lump sum assessment was valid. *Stallard v. United States,* 12 F.3d 489, 493 (5th Cir.1994).

Section 6672 renders a responsible person who willfully fails to pay over taxes "liable to a penalty equal to the total amount" of the unpaid withholding taxes. Section 6671 of the Internal Revenue Code provides that "[t]he penalties and liabilities provided by this subchapter ... shall be assessed and collected in the same manner as taxes." Section 6203 provides that "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." The pertinent Treasury regulation provides:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records shall provide identification of the taxpayer, the character of the liability assessed, the taxable

period if applicable, and the amount of assessment.

Treas.Reg. § 301.6203–1. "Certificates of Assessments and Payments are routinely used to prove that tax assessment has in fact been made ... [and] are presumptive proof of a valid assessment." *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992) (quotation omitted).

In support of his argument that § 6672 penalties must be assessed on a quarterly basis, Taxpayer relies on a passage from *Stallard v. United States,* 12 F.3d 489 (5th Cir.1994):

> Bureaucratic ineptitude and indifference— coupled with judicial admissions made as part of a confused litigation strategy— have combined to produce an untenable argument by the government: that the assessment of a penalty tax under § 6672 need not refer to particular tax periods to be valid. We reject this argument as unsound, contrary to precedent and contrary to the strictures of the IRS's own regulations. Consequently, we conclude that the IRS's failure here to assess taxes under § 6672 for the proper tax period renders that assessment void.

Aplt. Br. at 14 (quoting *Stallard,* 12 F.3d at 496). Taxpayer's reliance on *Stallard* is misplaced. The Fifth Circuit in *Stallard* concluded that an IRS assessment of § 6672 penalties was invalid where the Certificate of Assessments and Payments referred to the wrong tax period. Thus, the court concluded the IRS's assessment was invalid in *Stallard* because the taxpayer "was assessed for but one tax period, one for which he owed nothing." *Stallard,* 12 F.3d at 495.

The *Stallard* court acknowledged, however, that an aggregate, lump sum assessment of § 6672 penalties is permissible, as long as the IRS identifies the particular tax period for which the taxpayer is liable:

> As the government correctly notes, § 6672 liability applies to the total amount due; of course, the "total amount due" for a responsible party is predicated on accruals for each tax period in which that taxpayer is a responsible party. Nonetheless, an assessment based on the last period for which the taxpayer is a responsible party would be sufficient as that assessment

would be for a particular tax period in which the taxpayer is liable, and that assessment would accurately reflect that an accrued amount is due for that period.

Thus, our holding today would not necessarily affect the typical case in which the government assesses a taxpayer for the last of several periods for which that taxpayer had § 6672 liability.

*Id.* at 495. Contrary to Plaintiff's contention, therefore, the *Stallard* court recognized that a lump sum assessment of § 6672 penalties by the IRS is permissible. Other courts have also recognized that the IRS may make a lump sum assessment of § 6672 penalties. *Carr v. United States,* 72 A.F.T.R.2d (P–H) ¶ 93–5311 (W.D.Mo.1993) (collecting cases); *Ronsberg v. United States,* 798 F.Supp. 582, 583–86 (D.N.D.1992). We agree.

▉ Under § 6672 a responsible person is "liable to a penalty equal to the *total* amount" of the unpaid withholding taxes, rather than for distinct, separate amounts based upon particular tax periods. *See* 26 U.S.C. § 6672 (emphasis added). Because § 6672 renders a responsible person who willfully fails to comply with the statute liable for the total amount of unpaid withholding taxes, we agree with the Fifth Circuit that the IRS may make a lump sum assessment of § 6672 penalties, provided that it otherwise complies with pertinent regulations. *See Stallard,* 12 F.3d at 496; *see also Carr,* 72 A.F.T.R. at ¶ 93–5311; *Ronsberg,* 798 F.Supp. at 583–86.

▉ In the instant case, the Form 4340 provided Plaintiff with all of the information required under Treasury Regulation § 301.6203–1. Specifically, the Form 4340 identified Plaintiff, informed him of the character of the liability assessed, applicable tax periods and amount of the assessment, and was signed by the assessing officer. *See* Treas. Reg. § 301–6203–1. Accordingly, the IRS's assessment complied with pertinent regulations and the Form 4340 was therefore presumptive proof that a valid assessment was made. *Guthrie,* 970 F.2d at 737. We agree with the district court that Plaintiff has not overcome this presumption in the instant case. As a result, we conclude the IRS's lump sum assessment of § 6672 penalties was permissible. We note, however, that although we conclude the IRS's lump sum

assessment was permissible, if the bankruptcy court on remand determines Plaintiff did not willfully fail to pay over taxes to the government, Plaintiff would not be liable for the $117,162.26 in penalties assessed under § 6672.

In sum, we AFFIRM the district court's determination that Plaintiff constitutes a "responsible person" pursuant to § 6672. We also AFFIRM the district court's determination that the IRS's aggregate assessment in the instant case was valid. We REVERSE the district court's determination that Plaintiff willfully failed to pay over withholding taxes to the government. We REMAND with instructions to the district court to REMAND to the bankruptcy court for further proceedings consistent with this opinion.