**PROGRESSIVE MOTORS, INC., Appellant,**

v.

**Kenneth Wayne FRAZIER and Tania Marie Frazier, Appellees.**

No. 2:97 CV 557K.

United States District Court,
D. Utah,
Central Division.

May 15, 1998.

John C. Green, Green & Luhn, Salt Lake City, UT, for Progressive Motors, Inc.

David T. Berry, Bertch & Birch, Murray, UT, for Kenneth Wayne and Tonia Marie Frazier.

## OPINION AND ORDER

KIMBALL, District Judge.

This matter is before the court on an appeal from the United States Bankruptcy Court for the District of Utah, Central Division. This matter came on for oral argument on May 11, 1998. The appellant was represented by John C. Green and the appellees were represented by David T. Berry. Oral argument was heard and the court took the matter under advisement. The court has carefully considered all briefs and other materials submitted by the parties. The court has further considered the law and facts relevant to this appeal. Now being fully advised, the court enters the following Opinion and Order.

### I. BACKGROUND

This appeal arises out of an Order from the Bankruptcy Court for the District of Utah, Central Division, dated May 23, 1997 in which the court entered a judgement and sanctions against the appellant, Progressive Motors, for violation of an automatic stay.

Progressive Motors is a creditor of the appellees, Kenneth and Tonia Frazier. In September of 1996 the appellees purchased a car from the appellant for $4,995.00 plus tax. They made a down payment of $1,000.00 and agreed to make monthly payments in the amount of $190.00 per month. The appellees never made a monthly payment and in December of 1996 they filed bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On December 10, 1996 Progressive Motors hired an independent contractor to repossess the vehicle. The independent contractor went to the Frazier's home in order to repossess the vehicle and was told by Mrs. Frazier that she and her husband had taken out bankruptcy. However, she was unable to give him a case number, or any other kind of confirmation regarding the bankruptcy. Mrs. Frazier voluntarily turned over the keys to the vehicle and was told that if she were to bring proof of the bankruptcy the following day she could retrieve the vehicle.

The appellees did not make an attempt to retrieve the vehicle and after sixty days appellant sold the car at a private auction.

Approximately thirty days after this the appellees obtained an Order to Show Cause against the appellant in order to recover the vehicle. Appellees stated that they wanted to reaffirm the vehicle although they admit that they did not have the money to bring the payments current.

An evidentiary hearing was held before the bankruptcy court and the Honorable Judge Allen found that the appellant had wilfully violated § 362 of the Bankruptcy Code and that the Fraziers had been damaged in the amount of $3,400.00 which was the market value of the vehicle. However, because the Fraziers owed Progressive Motors more than this amount, the court entered damages in the amount of $1.00. The court then awarded attorneys fees against Progressive Motors and for the Fraziers in the amount of $1,500.00 and punitive damages against Progressive Motors in the amount of $20,000.00. Further, the court ordered that if the appellant did not pay the full amount of damages within ten days the punitive damages would be increased to $30,000.00. As of yet, none of the damages have been paid.

## II. *STANDARD OF REVIEW*

In the review of orders from the Bankruptcy Court, there are three standards of review that may be applied. First, where the Bankruptcy Court is the finder of fact, the court's factual determinations will not be set aside unless they are "clearly erroneous." *See* Bankruptcy Rule 8013 and *Taylor v. I.R.S.,* 69 F.3d 411 (10th Cir.1995). A finding of fact is clearly erroneous only if the court has a definite and firm conviction that a mistake has been committed. *See In re Mama D'Angelo, Inc.,* 55 F.3d 552 (10th Cir.1995). Secondly, a bankruptcy court's ruling involving findings of fact may be overturned if the findings are premised on improper legal standards or on proper legal standards improperly applied. In these instances, the review of this court shall be *de novo. See In re Hedged–Investments Associates, Inc.,* 84 F.3d 1267 (10th Cir.1996). Lastly, this court will exercise *de novo* review over the Bankruptcy Court's conclusions of law. *See Hall v. Vance,* 887 F.2d 1041 (10th Cir.1989). Further, mixed questions of law and fact which involve primarily a consideration of legal principles are reviewed *de novo. See In re Ruti–Sweetwater, Inc.,* 836 F.2d 1263 (10th Cir.1988).

Whether or not a party's actions have violated an automatic stay is a question of law which is reviewed *de novo. See Barnett v. Edwards,* 214 B.R. 613 (9th Cir. BAP 1997) (citations omitted). An award of sanctions for a violation of the automatic stay is reviewed for abuse of discretion. *See Id.*

## III. *DISCUSSION*

### A. Violation of Automatic Stay

The appellant argues that the appellees failed to establish that the alleged violation was willful and that they were damaged thereby. Section 362 of the Bankruptcy Code provides in pertinent part that:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Appellant first argues that the appellees suffered no injury. However, an evidentiary hearing was held before the Bankruptcy Court in this matter and the Bankruptcy Court found that the appellees did suffer injury. Nothing in the record indicates that this finding was clearly erroneous and therefore this court will not disturb the factual findings of the Bankruptcy Court.

 Appellant also argues that the Bankruptcy Court committed error in finding that its violation of the stay was willful. Appellant testified at the evidentiary hearing that it never had notice of the bankruptcy and therefore the violation was not willful. A willful violation does not require a specific intent to violate the stay, rather, it provides for damages upon a finding that the defendant knew of the automatic stay and that his actions in violation of the stay were intentional. *See In re Diviney,* 211 B.R. 951, 966 (Bkrtcy.N.D.Okl.1997). Once again, the Bankruptcy Court heard the evidence on this matter and found that the appellant was aware of the bankruptcy and that the viola-

tion was willful. Further, the Bankruptcy Court found that this was not the first time that the appellant had violated an automatic stay of the Bankruptcy Court. These are factual findings that this court will not disturb.

### B. Amount of Sanctions

The appellant next argues that the amount of sanctions ordered by the Bankruptcy Court are excessive. In *BMW of North America v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the Supreme Court set forth guidelines for courts to use in making a determination of punitive damages. The first step of the analysis is to verify that the conduct at issue is occurring in the State imposing sanctions. This is not an issue in this matter. Secondly, the defendant must receive fair notice of the conduct that will subject him to punitive damages. Finally, the defendant must receive fair notice of the potential severity of the penalty. With respect to this final requirement the Supreme Court set forth three guideposts.

> (1) the degree of reprehensibility of the defendant's conduct, (2) the ration of the punitive award to the actual harm inflicted on the plaintiff, and (3) the comparison between the punitive award and the civil or criminal penalties that could be imposed for comparable misconduct.

*Continental Trend Resources, Inc., v. OXY USA Inc.,* 101 F.3d 634, 638 (10th Cir.1996) (citing *BMW,* at 574, 116 S.Ct. at 1598). The appellant argues that in applying these guideposts it is clear that the sanctions are excessive. Further, *BMW* suggests that damages in an amount of not more than ten times greater than actual damages should be used as a guideline. However, punitive damages in an amount of 500 times greater than actual damages have been upheld. *See BMW,* at 582, 116 S.Ct. at 1602.

> Of course, we have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive award.... Indeed, low awards of compensatory damages may properly support a higher ration than high compensatory awards, if, for ex-

ample, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine. It is appropriate, therefore, to reiterate our rejection of a categorical approach.

*Id.* at 582, 116 S.Ct. at 1602. With this in mind, it is clear to this court that the Supreme Court's "guideposts" are just that, guides. There is no set rule on the amount of punitive damages that may be imposed. The Bankruptcy Court was in a better position than this court to make a finding as to the amount of punitive damages based upon the facts before it, and although the award in this case may have been high, it was not so excessive as to amount to an abuse of discretion on the part of the Bankruptcy Court. Therefore, it is hereby

ORDERED that the Judgment of the Bankruptcy Court is AFFIRMED.